Honorable Christopher M. Alston
Chapter 7

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In Re:

Debra Lea Wilson,

           Debtor.

Case No. 13-20904

United States Trustee,

           Plaintiff,

   v.

Debra Lea Wilson,

           Defendant.

Adversary No. 14-01123

AMENDED COMPLAINT TO DENY DEBTOR'S DISCHARGE

The United States Trustee, for claims against defendant Debra Lea Wilson (the "Defendant"), asserts and alleges as follows:

**PARTIES**

1. The plaintiff is the United States Trustee for Region 18, which includes the Western District of Washington. The United States Trustee has standing to bring this action under 11 U.S.C. §§ 307 and 727(c)(1).

2. The Defendant is the debtor in the above-captioned chapter 7 bankruptcy case.

**JURISDICTION AND VENUE**

3. This is an adversary proceeding to deny the Defendant's discharge, brought pursuant to 11 U.S.C. §§ 727(a)(2) and (a)(4), and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

AMENDED COMPLAINT TO DENY DISCHARGE - 1

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 14-01123-CMA    Doc 36    Filed 05/25/18    Ent. 05/25/18 15:11:08    Pg. 1 of 8

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

5. Venue is proper pursuant to 28 U.S.C. § 1409(a).

## FACTUAL ALLEGATIONS

6. On December 18, 2013 (the "Petition Date"), the Defendant filed a voluntary chapter 7 petition (the "Petition") in the Western District of Washington, case no. 13-20904 (the "Chapter 7 Case").

7. James Rigby is the trustee in the Chapter 7 Case (the "Trustee").

8. In conjunction with the Chapter 7 Case, the Defendant filed schedules of assets and liabilities (each a "Schedule" and collectively, the "Schedules"), and a statement of financial affairs (the "SOFA").

9. The Defendant signed the Petition, Schedules and SOFA under penalty of perjury as being true and correct.

10. In response to SOFA question no. 10's requirement to disclose certain transfers within two years of the Petition Date, the Defendant marked the box "None".

11. On April 5, 2010, the Defendant was served with a complaint in a lawsuit brought against the Defendant, among others, on behalf of First Citizens Bank & Trust Co. ("First Citizens") in Pierce County Superior Court, no. 10-2-09121-7 (the "Pierce County Action"). The Pierce County Action sought to collect a $1.375 million dollar loan from the borrower and the guarantors.

12. Three days after being served with the complaint in the Pierce County Action, the Defendant began a series of transactions with Geri McNeil ("McNeil").

13. On April 8, 2010, McNeil withdrew $125,000 from her Wells Fargo bank account, and purchased a cashier's check for $125,000 payable to the order of the Defendant (the "Cashier's Check").

AMENDED COMPLAINT TO DENY DISCHARGE - 2

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 14-01123-CMA    Doc 36    Filed 05/25/18    Ent. 05/25/18 15:11:08    Pg. 2 of 8

14. On April 10, 2010, the Defendant allegedly incurred an obligation of $125,000 to McNeil (the "McNeil Loan"). Two days later the Defendant deposited the Cashier's Check into her Alaska Federal Credit Union bank account (the "Alaska CU Account").

15. After depositing the Cashier's Check, the Defendant proceeded to send checks from the Alaska CU Account to individuals and entities solely for the benefit of McNeil and her husband Dean Kalivas (the "McNeil/Kalivas Checks"). The McNeil/Kalivas Checks included $42,500 on April 13, 2010, payable to DLW General Contractors, Inc., an entity owned by McNeil; and three $20,000 checks on April 13, 2010, payable to each of Flint Enterprises, TCF Investments, and CCG Investments.

16. The Defendant did not owe Flint Enterprises, TCF Investments, or CCG Investments anything at the time the above-referenced $60,000 in payments were made.

17. The majority of the McNeil Loan proceeds, as evidenced by the McNeil/Kalivas Checks, went to pay debts for which the Defendant had no personal liability.

18. In a declaration filed by the Defendant on January 5, 2017, as ECF document no. 33 in adversary proceeding no. 14-01423, ¶ 12, the Defendant falsely states that the McNeil Loan was used to pay ongoing construction costs of Chateau De Ville.

19. On May 7, 2010, the Complaint in the Pierce County Action was filed.

20. On June 11, 2010, the Defendant granted a deed of trust to McNeil on real property located at 5040 W. Clearwater, Kennewick, WA (the "Kennewick Property") to secure the $125,000 McNeil Loan (the "McNeil DOT"). The McNeil DOT was recorded on June 16, 2010.

21. On June 28, 2010, the Defendant quit claimed her interest in three lots in Bothell, Washington to McNeil (the "Lot Transfers").

22. The Defendant executed a deed in lieu of foreclosure of the McNeil DOT on May 25, 2012 (the "McNeil Transfer"). The McNeil DOT was recorded in Benton County on June 22, 2012, the same day that First Citizens obtained a judgment for $1,815,556.94 against the Defendant and others in the Pierce County Action.

AMENDED COMPLAINT TO DENY DISCHARGE - 3

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 14-01123-CMA    Doc 36    Filed 05/25/18    Ent. 05/25/18 15:11:08    Pg. 3 of 8

23. On June 8, 2017, the Bankruptcy Court determined as part of an oral ruling in *Rigby v. McNeil*, adv. no. 15-1424, that the McNeil Transfer was an actual fraud, done with intent to hinder, delay, or defraud her creditors. The Court further found that the McNeil Transfer was constructively fraudulent, and avoided the McNeil Transfer, and subsequent transfers of the Kennewick Property, for the benefit of the bankruptcy estate.

24. As part of a settlement approved by the Bankruptcy Court on April 17, 2017, the Defendant stipulated that she did not receive reasonably equivalent value from McNeil in exchange for the McNeil Loan, the McNeil DOT, the McNeil Transfer, and the Lot Transfers.

25. On April 29, 2012, the Defendant executed a 10-year lease with Tri-Cities Pregnancy Network for use of the Kennewick Property (the "Kennewick Lease"). The Kennewick Lease called for monthly rent payments of $4,000 for the first three years, with the rental amount escalating over the life of the term.

26. The McNeil Transfer is not disclosed in the SOFA.

27. If the Kennewick Lease was assigned or otherwise transferred to McNeil as part of the McNeil Transfer, such transfer is not disclosed in the SOFA. If the Kennewick Lease was not transferred as part of the McNeil Transfer, the agreement is not disclosed as an asset in the Schedules.

28. In August, 2012, First Citizens filed another lawsuit against the Defendant and others, this time in King County Superior Court to collect a $8,145,000 loan from guarantors (the "King County Action").

29. On or about August 22, 2010, the Debtor transferred her interest in real property located at 4050 S. 296th Place, Auburn, WA (the "Auburn Property") to Alison Cragg for no consideration (the "Cragg Transfer").

30. At the time of the Cragg Transfer, the Defendant owed a debt secured by the Auburn Property of approximately $122,904 (the "Auburn Debt").

31. There was no assignment executed by the Defendant of the Auburn Debt to Alison Cragg in conjunction with the Cragg Transfer.

AMENDED COMPLAINT TO DENY DISCHARGE - 4

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 14-01123-CMA    Doc 36    Filed 05/25/18    Ent. 05/25/18 15:11:08    Pg. 4 of 8

32. Pursuant to a Stock and Asset Purchase Agreement entered into on July 11, 2011, the Defendant purported to transfer all of her interests in Morgan First Guaranty Inc., and NPX Corporation to Pakie V. Plastino.

33. On October 3, 2013, Richard McKinney ("McKinney") executed a deed of trust in favor of the Defendant in the amount of $192,000 (the "McKinney DOT"), which was presumably accompanied by a promissory note (the "McKinney Receivable").

34. The McKinney Receivable is not disclosed in the Schedules.

35. The McKinney DOT was reconveyed by a Deed of Reconveyance executed after the Petition Date on April 14, 2014, and recorded on April 17, 2014.

36. There was no Bankruptcy Court order authorizing the reconveyance of the McKinney DOT.

37. On or about October 4, 2013, the Defendant executed a quit claim deed (the "McKinney QCD") and thereby transferred her interest in real property located at 3719 SW 109th Pl., Everett, WA (the "Everett Property") to Richard McKinney (the "McKinney Transfer").

38. The McKinney QCD was recorded in Benton County on December 30, 2013, after the Petition Date.

39. The McKinney Transfer did not include an assignment of debt associated with the Everett Property, notwithstanding that is what the Schedules state.

40. There was no Bankruptcy Court order authorizing the McKinney Transfer.

41. In a declaration filed by the Defendant on October 30, 2014, as ECF document no.15 in adversary proceeding no. 14-01130, the Defendant falsely states that her personal real estate balance sheet improved through the shedding of mortgage indebtedness. According the exhibit attached to the Defendant's declaration, the "shed" mortgage debt included the obligations secured by the Kennewick Property, the Auburn Property and the Everett Property. However, the Defendant did not assign the underlying mortgage indebtedness or otherwise "shed" those obligations in conjunction with the McNeil Transfer, the Cragg Transfer, or the McKinney Transfer.

AMENDED COMPLAINT TO DENY DISCHARGE - 5

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 14-01123-CMA    Doc 36    Filed 05/25/18    Ent. 05/25/18 15:11:08    Pg. 5 of 8

42. The McKinney Transfer is not disclosed in the SOFA.

43. On November 19, 2013, First Citizens obtained a second judgment against the Defendant and others in the King County Action in the amount of $5,887,644.71.

44. According to a check dated November 1, 2012 signed by Dean Kalivas, McAleese Inc. paid the Defendant $20,000 for an interest in Beverly Park Associates LLC (the "Beverly Park Transfer").

45. The Beverly Park Transfer is not disclosed in the SOFA.

46. On January 30, 2014, the initial meeting of creditors was held in the Chapter 7 Case (the "Creditors' Meeting"). At the Creditors' Meeting the Defendant testified that: she read and signed all of her schedules, statements and other related bankruptcy documents (the "Bankruptcy Documents") before they were filed with the Court; the information in the Bankruptcy Documents was true and correct; there were no errors or omissions in the Bankruptcy Documents to bring to the Trustee's attention; and the Bankruptcy Documents listed all of her assets and debts.

47. After the Trustee concluded his questions at the Creditors' Meeting, an attorney representing First Citizens asked the Defendant questions. In response to the attorney's questions about ownership of specific real property the Defendant disclosed the Cragg Transfer, the McNeil Transfer, and the McKinney Transfer.

48. After the Creditors' Meeting, on February 7, 2014, the Defendant filed an amended SOFA that disclosed the Cragg Transfer, the McNeil Transfer, and the McKinney Transfer.

## FIRST CLAIM FOR RELIEF

11 U.S.C. § 727(a)(2)(A) and (B)

(Concealment or Transfer of Assets)

49. Paragraphs 6 through 48 are hereby incorporated.

50. The Defendant, with intent to hinder, delay, or defraud a creditor or the Trustee transferred or concealed property of the Defendant within one year before the date of the filing of the Petition including, without limitation, the

AMENDED COMPLAINT TO DENY DISCHARGE - 6

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 14-01123-CMA    Doc 36    Filed 05/25/18    Ent. 05/25/18 15:11:08    Pg. 6 of 8

McKinney Transfer and any other applicable undisclosed concealment or transfer that comes to light through discovery.

51. The Defendant, with the intent to hinder, delay, or defraud a creditor or the Trustee transferred or concealed property of the estate after the Petition Date including, without limitation, reconveyance of the McKinney DOT, and the McKinney Transfer to the extent it occurred after the Petition Date.

## SECOND CLAIM FOR RELIEF

11 U.S.C. § 727(a)(4)

(False Oaths or Accounts)

52. Paragraphs 6 through 46 are hereby incorporated.

53. The Defendant knowingly failed to disclose in the Schedules and/or SOFA, without limitation:

    a. the McNeil Transfer;

    b. an interest in the Kennewick Lease, or any transfer thereof;

    c. an interest in the McKinney Receivable;

    d. the McKinney Transfer to the extent it occurred prior to the Petition Date;

    e. the Beverly Park Transfer;

54. The Defendant signed the Schedules and SOFA under penalty of perjury when she knew they were materially false.

55. The Defendant knowingly testified falsely at the Creditors' Meeting about the accuracy of the Schedules and SOFA.

56. The Defendant knowingly omitted material facts about her financial circumstances during her testimony at the Creditors' Meeting.

57. The Defendant has filed declarations with the Bankruptcy Court containing knowingly false assertions.

58. The false oaths set forth above relate to material facts.

59. The false oaths set forth above were made with fraudulent intent.

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

60. The false oaths set forth above were made in or in connection with the case.

WHEREFORE, the United States Trustee prays for relief as follows:

A. That the Court enter a judgment denying the discharge of the Defendant pursuant to 11 U.S.C. §§ 727(a)(2) and (a)(4); and

B. For such other and further relief as the Court deems just and equitable.

DATED this 25th day of May, 2018.

Respectfully submitted,

Gregory M. Garvin
Acting United States Trustee for Region 18

By: /s/ Martin L. Smith
Martin L. Smith, WSBA #24861
Attorney for United States Trustee

AMENDED COMPLAINT TO DENY DISCHARGE - 8

Office of the United States Trustee
700 Stewart Street
Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 14-01123-CMA    Doc 36    Filed 05/25/18    Ent. 05/25/18 15:11:08    Pg. 8 of 8