Honorable Christopher M. Alston
Chapter 7
Hearing Date: August 30, 2018
Hearing Time: 1:30 p.m.
**Response Date**: **August 23, 2018**

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re: | |
| Debra Lea Wilson, | Case No. 13-20904 |
| Debtor. | |
| United States Trustee, | Adversary No. 14-01123 |
| Plaintiff, | |
| v. | OBJECTION OF UNITED STATES TRUSTEE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT; DECLARATION OF KATHYRN SCARBERRY |
| Debra Lea Wilson, | |
| Defendant. | |

Plaintiff United States Trustee hereby objects to the motion for partial summary judgment filed by Debra Lea Wilson (the "Defendant's Motion" filed by the "Defendant"). In support of the objection, the United States Trustee respectfully states as follows:

A. <u>Procedural Background</u>.

The matter is currently set for trial to begin on October 2, 2018. Discovery is ongoing, with certain written discovery due to be produced to the United States Trustee from Richard McKinney on or before September 3, 2018. Discovery closes on September 4, 2018.

B. <u>Standard for Summary Judgment</u>.

Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of

OBJECTION - 1

Office of the United States Trustee
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 14-01123-CMA    Doc 57    Filed 08/21/18    Ent. 08/21/18 14:42:42    Pg. 1 of 5

law. Fed. R. Civ. P. 56(a). In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348 (1986).

C. <u>Relevant Undisputed Facts.</u>

A Deed of Trust signed by attorney Richard McKinney, and dated October 3, 2013 (the "Deed of Trust"), was recorded in Snohomish County on December 30, 2013. The Defendant is the beneficiary under the Deed of Trust. A copy of the Deed of Trust is attached as **Exhibit A** to the attached Declaration of Kathryn Scarberry (the "Scarberry Decl.").

The Deed of Trust states, in relevant part: "This deed is for the purpose of securing performance of each agreement of grantor herein contained, and payment of the sum of ONE HUNDRED NINETY TWO THOUSAND DOLLARS ($192,000.00) with interest, **in accordance with the terms of a promissory note of even date herewith**, payable to Beneficiary or order, and made by Grantor, and all renewals, modifications and extensions thereof …". Emphasis Added. The promissory note referred to in the Deed of Trust is hereinafter referred to as the McKinney Note.

D. <u>There is a Genuine Dispute as to Whether the McKinney Note Ever Existed.</u>

The Defendant's Motion appears to ask the Court to find, as a matter of law, that the McKinney Note never existed. That is not a legal question, but a factual one that is in dispute. In support of her request the Defendant has filed her own declaration and declarations from Richard McKinney and Dean Kalivas.[1] Everyone sings the same song – a promissory note was never executed in conjunction with the Deed of Trust. In contrast to the chorus of the declarants, there exists one critical piece of documentary evidence that directly and unequivocally counters their conclusion and solidifies that there is a material fact in dispute that precludes granting summary

---

[1] A declaration in support of the Defendant's Motion was also filed by Adam Greenhalgh. It does not mention the Deed of Trust or the McKinney Note, and its purpose is unclear.

OBJECTION - 2

Office of the United States Trustee
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 14-01123-CMA    Doc 57    Filed 08/21/18    Ent. 08/21/18 14:42:42    Pg. 2 of 5

judgment: the Deed of Trust itself. The same Deed of Trust that was prepared, signed and recorded by experienced attorney Richard McKinney, and which contains the express and unambiguous recital to the McKinney Note. Now, it may be that at trial the Court will hear testimony from the Defendant, Richard McKinney and Dean Kalivas that will convince it that the McKinney Note never existed notwithstanding the explicit reference to it in the Deed of Trust. Alternately, after hearing that testimony the Court may conclude that, based on the undisputed Deed of Trust recital, the McKinney Note is presumed to exist for purposes of the issues at trial. Time will tell. At this point, however, the creation and existence of the McKinney Note remains disputed.[2]

E.   There is a Genuine Dispute as to Whether the Postpetition Reconveyance of the Deed of Trust Violated Bankruptcy Code § 727(a)(2).

It is undisputed that the Deed of Trust was reconveyed to the Defendant after the Defendant's bankruptcy was filed by a Deed of Reconveyance executed on April 1, 2014, and recorded on April 17, 2014 (the "Reconveyance"). The Reconveyance was a postpetition transfer of the Defendant's interest in the Deed of Trust, and no authorization from the Court was ever sought or received. A copy of the Reconveyance is attached to the Scarberry Decl. as **Exhibit B**.

The Reconveyance includes an express reference to a Request for Reconveyance executed by the Defendant. However, as with the Deed of Trust and its express reference to the McKinney Note, the Defendant and her supporters ask the Court to ignore that documentary evidence and find that Defendant had virtually nothing to do with the Reconveyance other than being told by Dean Kalivas that the Deed of Trust needed to be rescinded. Declaration of Dean Kalivas, ECF doc. No. 54, p.2, ¶ 4; Declaration of Debra Wilson, ECF doc. No. 51, p.2, ll.5-7. Without clearly stating it, the Defendant appears to argue that because Dean Kalivas unilaterally executed the Reconveyance she could not have had the requisite intent under § 727(a)(2).

---

[2] Because the existence of the McKinney Note is an issue for trial, the Defendant's argument that the Deed of Trust did not create a property interest because of the absence of a promissory note, must fail.

OBJECTION - 3

Office of the United States Trustee
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 14-01123-CMA    Doc 57    Filed 08/21/18    Ent. 08/21/18 14:42:42    Pg. 3 of 5

The express reference in the Reconveyance to the Defendant's execution of the Request for Reconveyance puts at issue the Defendant's knowledge, involvement, and intent with respect to that unauthorized postpetition transfer. The question of whether under the facts and circumstances involved here the transfer was made with the intent to hinder, delay or defraud creditors is a matter for trial where the Court can listen to, and assess, the testimony and the credibility of the witnesses.

F. Conclusion.

For the reasons set forth above, the Defendant has not met her burden and she is not entitled to partial summary judgment on any issue. The United States Trustee respectfully requests that the Defendant's Motion be denied in its entirety.

DATED this 21st day of August, 2018

Respectfully submitted,

Gregory M. Garvin
Acting United States Trustee for Region 18

By: /s/ Martin L. Smith
Martin L. Smith, WSBA #24861
Attorney for United States Trustee

OBJECTION - 4

Office of the United States Trustee
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 14-01123-CMA    Doc 57    Filed 08/21/18    Ent. 08/21/18 14:42:42    Pg. 4 of 5

# DECLARATION OF KATHRYN SCARBERRY

I, Kathryn Scarberry, declare under penalty of perjury, as follows:

1. I am more than 18 years of age and am competent to testify to the contents herein.

2. I am a Paralegal Specialist in the Office of the United States Trustee, United States Department of Justice, Region 18, Seattle, Washington.

3. My duties at the Office of the United States Trustee include, but are not limited to, reviewing and analyzing schedules and statements of financial affairs, tax returns, pay advices, and other relevant documents or records relating to the financial affairs of debtors in bankruptcy.

4. On August 6, 2018, I visited the Snohomish County Auditor's office and obtained a certified copy of a document titled Deed of Trust, and a copy of a document titled Deed of Reconveyance. True and correct copies of the Deed of Trust, and the Deed of Reconveyance, are attached hereto as **Exhibit A** and **Exhibit B**, respectively.

5. The foregoing statements are true and correct to the best of my knowledge.

DATED this 17th day of August, 2018

/s/ Kathryn Scarberry
Kathryn Scarberry
Paralegal Specialist
Office of the United States Trustee, Region 18

OBJECTION - 5

Office of the United States Trustee
700 Stewart Street, Suite 5103
Seattle, WA 98101-1271
206-553-2000, 206-553-2566 (fax)

Case 14-01123-CMA    Doc 57    Filed 08/21/18    Ent. 08/21/18 14:42:42    Pg. 5 of 5